UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARREN LEE PATTON, JR.,

Petitioner.

v.

JEFFREY BEARD, Secretary,

Respondent.

Case No. 14cv569-BEN (BLM)

**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE PURSUANT TO RHINES, BUT GRANTING A STAY PURSUANT TO KELLY.**

[ECF No. 17]

This Report and Recommendation is submitted to United States District Judge Roger T. Benitez pursuant to 28 U.S.C § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. On March 8, 2014, Petitioner Darren Lee Patton, Jr., a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1. The Petition challenges Petitioner's state court conviction on the grounds that (1) the trial court violated Petitioner's state and federal constitutional rights to meaningful confrontation; (2) the trial court violated Petitioner's constitutional right to present a complete defense; (3) the trial court erred in excluding evidence under the rape shield laws and California Evidence Code § 352; and (4) the trial

court's exclusion of third party culpability evidence was an abuse of discretion and violated Petitioner's Sixth and Fourteenth Amendment rights. Id. Respondent answered on August 25, 2014. ECF No. 9. Petitioner requested two extensions of the deadline to file his traverse, which the Court granted and continued the deadline to December 15, 2014. ECF Nos. 11, 12, 14, 15. Plaintiff did not file a traverse. See Docket.

On December 14, 2014,[1] Petitioner filed a motion for stay and abeyance requesting the Court to stay the federal proceedings pending the state court's ruling on his unexhausted ineffective assistance of counsel claims. See ECF No. 17. In his motion for stay and abeyance, Petitioner also asked the Court to vacate the order requiring him to file a traverse by December 15, 2014. See id. at 1; see also ECF No. 15 at 2. On December 24, 2014, the Court issued a briefing schedule on Petitioner's motion for stay and abeyance, and Respondent timely filed an opposition to the motion. See ECF Nos. 18, 19. On February 9, 2015, Petitioner filed a reply. ECF No. 20. The Court has considered the motion to stay, opposition and reply, as well as the record as a whole. Based thereon, and for the reasons set forth below, the Court **RECOMMENDS** that Petitioner's motion for stay and abeyance pursuant to Rhines be **DENIED**, and a stay pursuant to Kelly be **GRANTED**.

## DISCUSSION

### I. LEGAL STANDARD

A federal court may not consider a petition for habeas corpus unless the petitioner first has presented his claims to the state courts, thereby "exhausting" them. 28 U.S.C. §2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522 (1982). The exhaustion requirement is founded on federal-state comity, as only when the state court has been presented with the claim may it "pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quotes and citations omitted). Thus, exhaustion of a habeas petitioner's federal claims requires that they have been "fairly

---

[1] Although Petitioner's motion to stay was filed on the docket on December 22, 2014, Petitioner signed the document on December 14, 2014. ECF No. 17 at 6. Accordingly, this Court will use the date the document was signed as the filing date. See Lopez v. Felker, 536 F. Supp. 2d 1154, 1155 n.1 (C.D. Cal. 2008) (filing date is date on which petition was signed).

present[ed]" in each appropriate state court, including a state supreme court with powers of discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004). In California, this generally entails direct or collateral presentation to both the lower courts of appeal and the state supreme court, though presentation to the state supreme court alone may suffice. Reiger v. Christensen, 789 F.2d 1425, 1427 (9th Cir. 1986); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Claims are not exhausted by mere presentation to the state appellate system. A petitioner must also "alert[ ] [the state] court to the federal nature of the claim." Baldwin, 541 U.S. at 29. A petitioner may indicate a federal claim by citing the source of federal law upon which he relies, or by merely labeling the claim as "federal." Id. at 32.

Claims articulated in a federal habeas petition also must be the "substantial equivalent" of those previously presented to the state courts. Pappageorge v. Sumner, 688 F.2d 1294, 1295 (9th Cir. 1982). The requirement of substantial equivalency is not rigid, and the state habeas petition may be exhausted even when it does not spell out each syllable of the federal claim. Delgado v. Lewis, 181 F.3d 1087, 1091 (9th Cir. 1999) (vacated and remanded on other grounds, 528 U.S. 1133 (2000)). Additionally, arguments presented to the federal court may be supplemented with evidence not provided to the state court, so long as the additional information does not "fundamentally alter" the claim. Vasquez v. Hillery, 474 U.S. 254, 260 (1986).

If state remedies have not been exhausted as to any of the federal claims, the habeas petition typically should be dismissed. Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose, 455 U.S. at 522 (requiring dismissal of petitions that contain both exhausted and unexhausted claims, commonly referred to as "mixed petitions"); see also Rhines v. Weber, 544 U.S. 269, 274-78 (2005) (confirming continued applicability of "total exhaustion" rule even after AEDPA imposed one-year statute of limitations on habeas claims).

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C.

§ 2244(d). Generally a court may not consider a "mixed" habeas petition, that is a petition that contains or seeks to present both exhausted and unexhausted claims. Rose, 455 U.S. at 522. If a petitioner presents a mixed petition, the petitioner may seek to stay the exhausted claims while he pursues the unexhausted claims in state court. Rhines, 544 U.S. at 278. Case law has established two alternative procedures for seeking and obtaining a stay, which are set forth in Rhines and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by* Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

Under Rhines, a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present the unexhausted claims. Rhines, 544 U.S. at 276. This "stay and abeyance" procedure is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Id. at 277-78. The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify petitioner's failure to exhaust the unexhausted claim in state court. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

A Kelly abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner must subsequently seek to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." King, 564 F.3d at 1135. However, the petitioner only is allowed to amend his newly-exhausted claims back into his federal petition if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending petition. Id. at 1140-41, see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005). A new claim relates back to an existing claim if the two claims share a "common core of operative facts." Mayle, 545 U.S. at 646. A new claim does not "relate back" to an existing

claim simply because it arises from "the same trial, conviction or sentence." Id. If the newly-exhausted claim is not timely under the AEDPA or the relation-back doctrine, it may not be added to the existing petition. Haskins v. Schriro, 2009 WL 3241836, at *3 (D. Ariz. Sept. 30, 2009). If amendment is futile, a stay is inappropriate. Id. at *7.

## II. A STAY PURSUANT TO RHINES

Petitioner seeks to utilize the "stay and abey" procedure authorized by Rhines, 544 U.S. 269. See ECF No. 17 at 1 (specifically stating that Petitioner is moving for "stay and abeyance of his pending Petition for Writ of Habeas Corpus . . . pursuant to the Supreme Court's ruling in Rhines v. Weber (2005) 544 U.S. 269, 276 . . . ."); see also id. at 3-6; ECF No. 20 at 3-8. Petitioner seeks to bring new claims for ineffective assistance of trial and appellate counsel, claiming that his "trial counsel failed to file a requisite motion and sworn affidavit to show the relevance of argued and requested evidence going to the credibility of the victim, and appellate counsel refused to raise the issue (I.A.C. of trial counsel)" on direct appeal. See ECF No. 17 at 2-3, see also id. at 23-35. Petitioner claims that in late November 2014, while conducting research for his traverse, he "came across a number of cases whose facts and circumstances were similar" to those in his case. Id. at 4-5. Petitioner alleges that being a "layman at law," he turned to "[j]ailhouse lawyers" for advice regarding bringing claims for ineffective assistance of trial and appellate counsel, and was advised to file a motion for stay and abeyance. Id. at 5. Petitioner further asserts that his "unexhausted claims are filed and pending in the state courts," and attaches an exhibit labeled "Petition for Writ of Habeas Corpus" addressed to the Superior Court of San Diego, which he signed on December 7, 2014. See id. at 2, 16-38.

Respondent contends that Petitioner is not entitled to a stay pursuant to Rhines. ECF No. 19 at 2. In support, Respondent argues that Petitioner fails to establish the requisite "good cause" for stay and abeyance under Rhines, because Petitioner's asserted ignorance of the law does not satisfy the requirement, and because Petitioner has known about the factual basis of his unexhausted claims since his trial and appeal. Id. at 4-5.

The Court notes that because Petitioner's Petition contains only exhausted claims,[2] it is not a mixed petition, and thus, Rhines is inapplicable. See White v. Ryan, 2010 WL 1416054, at *12 (D. Ariz. March 16, 2010) ("Because the Petition in this case contains claims that are either actually or technically exhausted, it is not a mixed Petition and *Rhines* does not apply."); see also Haskins, 2009 WL 3241836, at *7 ("Because this Court has already decided that Petitioner may not amend his habeas petition, his petition is not mixed, and the *Rhines* analysis is inapplicable," and a Kelly analysis must be used).

Furthermore, even if the Rhines standard applied in this case, Petitioner would not be able to meet the standard. Stay and abeyance pending exhaustion of claims in state courts is only available in limited circumstances where petitioner shows "good cause" for his failure to previously exhaust. Rhines, 544 U.S. at 277. The good cause requirement "ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court." Blake, 745 F.3d at 982. The inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify petitioner's failure to exhaust the unexhausted claim in state court. Id. "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust;" but "a reasonable excuse, supported by evidence," will. Id. "[U]nspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance," do not satisfy the good cause requirement. Id. at 981 (interpreting the holding in Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)).

Here, Petitioner has not presented any evidence to support his good cause argument. Petitioner's allegations in his ineffective assistance of trial and appellate counsel claims are premised upon events that occurred during Petitioner's trial in January 2011, and

---

[2] Petitioner states in his Petition that he raised the four claims asserted in the Petition in the California Supreme Court, and that the state's highest court denied those claims. See ECF No. 1 at 6-9; see also Lodgment 7. Respondent agrees, and states in his answer to the Petition that "Patton's claims presented in Ground One through Four are exhausted . . . ." ECF No. 9 at 2.

on appeal to the California Court of Appeal in October 2011. See Reporter's Transcript at 224-446; Lodgment 4. Although Petitioner had firsthand knowledge of the facts underlying the alleged violations, he did not raise the claims on direct appeal, and waited until December 7, 2014, over eight months after filing his federal habeas corpus petition, to file a habeas petition in state court. See id.; see also ECF Nos. 1; 17 at 16-41. "[W]here a petitioner was well aware of the factual basis of claims that could have been raised and exhausted in the state courts before petitioner filed a federal habeas petition, 'good cause' for a stay may not have been shown under *Rhines.*" Bucci v. Busby, 2012 WL 868982, at *10 (E.D. Cal. March 13, 2012); see also Smith v. Horel, 2008 WL 2038855, at *5 (C.D. Cal. May 8, 2008) (finding no good cause for petitioner's failure to exhaust a claim where "[t]rial counsel's alleged deficient performance was known or should have been known to Petitioner during or shortly after his trial."); Frluckaj v. Small, 2009 WL 393776, at *5-6 (C.D. Cal. Feb. 17, 2009) (finding that where petitioner was aware of a particular claim and could have presented it to California state courts before filing federal habeas petition, petitioner had not shown either "cause" or "good cause" to satisfy Rhines).

Petitioner's ignorance of the law until November 2014, when he discovered allegedly factually-relevant cases, which prompted him to subsequently file the instant motion to stay, is insufficient to satisfy the good cause requirement. See ECF No. 17 at 4-5; see also Blake, 745 F.3d at 981 ("unspecific, unsupported excuses for failing to exhaust–such as unjustified ignorance," do not satisfy the good case requirement). Further, Petitioner's argument that he is a "layman at law" who sought assistance from jailhouse lawyers, does not set forth good cause for failure to exhaust his ineffective assistance of counsel claims in state court before filing his federal Petition. See ECF No. 17 at 5; see also Hernandez v. California, 2010 WL 1854416, at *2-3 (N.D. Cal. May 6, 2010) (limited education, lack of legal assistance, and routine restrictions on law library access are not sufficient to establish good cause under Rhines); Hamilton v. Clark, 2010 WL 530111, at *2 (E.D. Cal. Feb. 9, 2010) (stating that "[i]gnorance of the law and limited access to a law library are common among pro se prisoners and do not constitute good cause for failure to exhaust."); Moxley

v. Neven, 2011 WL 3585069, at *3 (D. Nev. Aug. 15, 2011) (concluding that basing a finding of good cause on a petitioner's pro se status "would render stay-and-abey orders routine" and thus "run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in limited circumstances."). Consequently, there is no evidence that would reasonably excuse Petitioner's failure to exhaust his ineffective assistance of counsel claims. See Blake, 745 F.3d at 982 (stating that "[a]n assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.").

As set forth above, the Petition is not mixed so a Rhines stay is not appropriate. In addition, Petitioner fails to set forth a "reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the ineffective assistance of counsel claims in state court. See id. Because Petitioner fails to establish good cause for a stay pursuant to Rhines, the Court need not consider whether Petitioner's arguments are plainly meritless or whether Petitioner engaged in intentionally dilatory litigation tactics. Wooten, 540 F.3d at 1023. The Court therefore **RECOMMENDS** that Petitioner's motion to stay and abey pursuant to Rhines be **DENIED**.

## III. A STAY PURSUANT TO KELLY

While Petitioner references Kelly, he does not set forth any specific arguments to establish his entitlement to a stay pursuant to Kelly. See ECF Nos. 17, 20; Kelly, 315 F.3d 1063. Respondent asserts that Petitioner's motion to stay should be denied pursuant to Kelly because Petitioner's unexhausted ineffective assistance of counsel claims are untimely and do not relate back to his exhausted claims. ECF No. 19 at 2, 7-9.

Because a Rhines stay is not available to Petitioner, the Court will consider Petitioner's motion to stay as a request to utilize the Kelly stay procedure. See Knox v. Martel, 2010 WL 1267785, at *2 (E.D. Cal. March 31, 2010) (finding the Kelly standard appropriate where petitioner did not seek to stay a mixed petition, but instead sought to hold his original exhausted claims in abeyance while exhausting new claims), adopted, 2010 WL 1948355 (E.D. Cal. May 12, 2010); see also Haskins, 2009 WL 3241836, at *7 (same);

Sims v. Calipatria State Prison, 2012WL1813113, at *2 (C.D. Cal. Feb. 29, 2012) (finding that the Kelly procedure is the appropriate standard to stay a fully exhausted petition while a petitioner attempts to exhaust additional claims), adopted, 2012 WL 1820914 (C.D. Cal. May 18, 2012); Taylor v. Gonzalez, 2012 WL 3648141, at *4 (S.D. Cal. June 28, 2012) (finding that petitioner's federal habeas corpus petition was not mixed because it contained fully exhausted claims, and applying Kelly procedure to a request to stay the petition), adopted, 2012 WL 3648111 (S.D. Cal. Aug. 23, 2012). To warrant a Kelly stay, Petitioner's new claims must either "relate back" to the original claims raised in the Petition or must be independently timely under AEDPA. Hughes v. Walker, 2012 WL 346449, at *5 (E.D. Cal. Feb. 1, 2012). To determine whether Petitioner's new claims are timely, the Court will first consider the AEDPA time limits.

**A. Statute of Limitations**

The AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D). The California Supreme Court denied Petitioner's Petition for Review on December 12, 2012, and Petitioner's judgment became final for the purposes of AEDPA, ninety days later on March 12, 2013. See Lodgment 7; Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (limitations period does not begin until after expiration of ninety-day period for seeking certiorari). Accordingly, the AEDPA statute of limitations in

this case began to run on March 13, 2013, the day after Petitioner's conviction became final, and expired one year later on March 13, 2014. See 28 U.S.C. § 2244(d)(1)(A); Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (the one-year statute of limitations under AEDPA begins to run the day after the conviction becomes final). Petitioner filed his habeas Petition in federal court on March 8, 2014. ECF No. 1. Thus, the four claims asserted in the Petition are timely. However, the new claims that Petitioner seeks to exhaust and then add to his federal Petition are not timely unless Petitioner is entitled to either statutory or equitable tolling.

**1. Statutory tolling**

Petitioner claims that he filed his habeas petition in the San Diego Superior Court "in order to preserve his claims for federal habeas review" and appears to argue that he is entitled to statutory tolling.[3] See ECF Nos. 17; 20 at 7-8. Respondent maintains that Petitioner is not entitled to statutory tolling because his unexhausted claims were filed after the expiration of the one-year statute of limitation. ECF No. 19 at 7-9.

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 191 (2006) (emphasis in original). State petitions filed after the expiration of the statute of limitations period have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that 28 U.S.C. § 2244(d) does not allow re-initiation of the limitations period where that

---

[3] Because the Court is required to give pro se litigants every benefit of the doubt, the Court will construe Petitioner's relevant arguments in his reply as arguments in support of statutory tolling under Kelly. Cortez v. Clark, 2011 WL 883019, at *11 (S.D. Cal. March 14, 2011) ("[p]leadings from a *pro se* prisoner are meant to be liberally construed") (citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) ("[W]e have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.").

period ended before petitioner's state petition for postconviction relief was filed).

Here, Petitioner did not file any habeas petitions in state court prior to the March 13, 2014 expiration of the AEDPA statute of limitations,[4] so he is not entitled to statutory tolling. See 28 U.S.C. § 2244(d)(2); Ferguson, 321 F.3d at 823. While Petitioner filed his federal habeas Petition prior to the expiration of the statute of limitations, the filing of a federal habeas petition does not toll the statute of limitations. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)."). As such, the limitations period expired on March 13, 2014.

Petitioner first raised his ineffective assistance of trial and appellate counsel claims in his San Diego Superior Court habeas petition on December 7, 2014, over eight months after the statute of limitations has expired. See ECF No. 17 at 16-38. Petitioner appears to argue in his reply that he is entitled to "interval tolling." See ECF No. 20 at 7-8. Although the statute of limitations is tolled from the time the first state habeas petition is filed until state collateral review is concluded, it is not tolled before the first state collateral challenge is filed. See Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007) (citation omitted). Because Petitioner filed his state habeas corpus petition on December 7, 2014, after the expiration of the statute of limitations, Petitioner is not entitled to statutory tolling of his ineffective assistance of counsel claims. See id.

**2. Equitable tolling**

Petitioner appears to argue in his reply that he is entitled to equitable tolling, and asserts in his motion to stay that he is a "layman at law" who discovered in late November 2014, a number of allegedly factually-similar cases, which prompted him to turn to jailhouse lawyers for advice regarding bringing his unexhausted claims. ECF Nos. 17 at 4-5; 20 at

---

[4] Petitioner asserted in his federal petition for writ for habeas corpus filed on March 8, 2014, that he had not previously filed a petition for writ of habeas corpus with respect to this judgment in California courts. See ECF No. 1 at 3-5. The Court reviewed the California Appellate Court's docket, and did not locate any habeas corpus filings by Petitioner by the March 13, 2014 deadline. See California Courts, Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm? dist=0&doc_id= 1985766&doc_no =S194908 (last visited February 12, 2015).

6, 9. Because Petitioner first asserted this argument in his reply, Respondent does not specifically address equitable tolling, but asserts that Petitioner's unexhausted claims are untimely. ECF No. 19 at 7-9.

The United States Supreme Court has held that the AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). While equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), it is appropriate where a habeas petitioner demonstrates two specific elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 650 U.S. at 632 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The bar is set high to effectuate the "AEDPA's 'statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 226 (2002)); see also Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (citations and internal quotations omitted).

In this case, Petitioner's allegations in his ineffective assistance of counsel claims are premised upon events that occurred during his trial in January 2011, and on appeal to the California Court of Appeal in October 2011. See Reporter's Transcript at 224-446; Lodgment 4. Despite Petitioner's firsthand knowledge of the facts underlying the alleged violations during his trial and on direct appeal in 2011, Petitioner waited until December 7, 2014, to first raise the claims in his state habeas corpus petition. See id.; see also ECF Nos. 1; 17 at 16-38. Petitioner thus has not demonstrated that he was reasonably diligent in pursuing his ineffective assistance of counsel claims. See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) ("[The petitioner] has also failed to show that he has been diligently pursuing his rights. . . . Indeed, he fails to make any specific allegation what he did to pursue his claims and complain about his situation.") (internal quotations and alterations omitted); see also Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("Time begins when the prisoner knows (or through diligence could discover) the important

facts, not when the prisoner recognizes their legal significance.") (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)) .

Furthermore, a petitioner's pro se status and lack of legal knowledge are insufficient to establish extraordinary circumstances preventing him from timely filing a federal habeas petition. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); Fisher v. Ramirez–Palmer, 219 F.Supp.2d 1076, 1080 (E.D. Cal. 2002) ("[I]gnorance of the law does not constitute such extraordinary circumstances."); Chaffer, 592 F.3d at 1049 (a petitioner who relies on others to assist him retains the "personal responsibility of complying with the law.") (citation omitted).

For the foregoing reasons, the Court finds that Petitioner's unexhausted claims for ineffective assistance of trial and appellate counsel were filed after the statute of limitations had expired, and that Petitioner has not satisfied his burden of demonstrating that equitable tolling is appropriate in this case. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (holding that the petitioner "bears the burden of showing that equitable tolling is appropriate"); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (petitioner bears the burden of establishing his entitlement to equitable tolling). Consequently, Petitioner's ineffective assistance of counsel claims are not timely and the Court must next consider whether the new claims relate back to the original claims. If they do not, a Kelly stay is inappropriate.

**B. Relation Back**

Although Petitioner references cases in his reply that address the relation back doctrine, he does not set forth any arguments to establish that his new ineffective assistance of counsel claims relate back to the original Petition. See ECF Nos. 17; 20 at 5 (citing Mayle, 545 U.S. at 650, Hebner v. McGrath, 543 F.3d 1133, 1137 (9th Cir. 2008)). Respondent argues that Petitioner's unexhausted ineffective assistance of counsel claims differ "in both time and type from those set forth in the exhausted claims," and do not relate back to Petitioner's exhausted claims. ECF No. 19 at 8-9.

Federal Rule of Civil Procedure 15(c)(1)(B) provides, in relevant part, that an amended pleading may relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).[5] In 2005, the Supreme Court clarified the scope of the Rule's "conduct, transaction, or occurrence" language in the habeas context, instructing that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle, 545 U.S. at 664. However, a new claim does not relate back to existing claims when the new claim depends upon events separate in "both time and type" from the original claims. Id. at 657.

Here, Petitioner's original Petition contains the following claims: (1) the trial court violated Petitioner's state and federal constitutional rights to meaningful confrontation; (2) the trial court violated Petitioner's constitutional right to present a complete defense; (3) the trial court erred in excluding evidence under the rape shield laws and California Evidence Code § 352; and (4) the trial court's exclusion of third party culpability evidence was an abuse of discretion and violated Petitioner's Sixth and Fourteenth Amendment rights. ECF No. 1 at 6-9. Petitioner will seek to add the claims for ineffective assistance of his trial and appellate counsel after exhausting the claims. See ECF No. 17.

Petitioner's new ineffective assistance of counsel claim against his trial counsel is based on the allegation that the attorney failed to comply with the statutory requirements[6]

---

[5] The Federal Rules of Civil Procedure apply to habeas corpus proceedings "to the extent they are not inconsistent with" the Rules Governing § 2254 cases, Rule 11, 28 U.S.C. foll. § 2254, and "to the extent that the practice in [habeas] proceedings is not set forth in statutes of the United States." Fed. R. Civ. P. 81(a)(4); Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir. 1999).

[6] California Evidence Code § 782 provides the following:

> (a) In any of the circumstances described in subdivision (c), if evidence of sexual conduct of the complaining witness is offered to attack the credibility of the complaining witness under Section 780, the following procedure shall be followed:
>
> (1) A *written motion* shall be made by the defendant to the court and prosecutor stating that the defense has an offer of proof of the relevancy of evidence of the sexual conduct of the complaining witness proposed to be presented and its relevancy in attacking the credibility of

governing admission of evidence challenging the victim's credibility and that counsel therefore failed to gain admission of the relevant and crucial evidence. ECF No. 17 at 2-3; see also id. at 23-35. The claim against his appellate counsel is that counsel rendered ineffective assistance by refusing to raise on direct appeal trial counsel's failure to comply with the statutory requirements and obtain admission of the evidence. Id. In the San Diego Superior Court habeas petition attached to the instant motion to stay, Petitioner explains that because his trial counsel failed to file the required motion and affidavit, Petitioner was precluded from introducing evidence that sperm from another man was found in the crotch of the victim's underwear following the incident that led to Petitioner's conviction. Id. at 23-30. Petitioner argues that the prohibited evidence would have corroborated his defense that he was not the victim's assailant and would have "undermine[d] the victim's general veracity" by providing an alternative explanation for the victim's refusal to undergo a genital examination and vaginal swab at the hospital. Id. at 29-30.

Several of the constitutional claims asserted in Petitioner's original Petition are premised on the trial court's failure to admit evidence that sperm from a person other than Petitioner was found in the crotch of the victim's underwear immediately following the incident that led to Petitioner's conviction. See ECF No. 1. Specifically, in counts one

---

the complaining witness.

(2) The written motion shall be accompanied by an *affidavit* in which the offer of proof shall be stated. The affidavit shall be filed under seal and only unsealed by the court to determine if the offer of proof is sufficient to order a hearing pursuant to paragraph (3). After that determination, the affidavit shall be resealed by the court.

(3) If the court finds that the offer of proof is sufficient, the court shall order a hearing out of the presence of the jury, if any, and at the hearing allow the questioning of the complaining witness regarding the offer of proof made by the defendant.

(4) At the conclusion of the hearing, if the court finds that evidence proposed to be offered by the defendant regarding the sexual conduct of the complaining witness is relevant pursuant to Section 780, and is not inadmissible pursuant to Section 352, the court may make an order stating what evidence may be introduced by the defendant, and the nature of the questions to be permitted. The defendant may then offer evidence pursuant to the order of the court.

Cal. Evid. Code § 782(a)(1)-(4) (emphasis added).

through three, Petitioner asserts a variety of constitutional or trial errors but all of the claims are premised on the trial court's decision to prohibit Petitioner from eliciting evidence that sperm from a person other than Petitioner was found in the victim's underpants immediately after the alleged assault. Id. at 6-8, 34-59. Petitioner's original argument specifically references Evidence Code section 782, which also is at issue in the ineffective assistance of counsel claims. See id.; ECF No. 17 at 23-35. As such, the facts underlying Petitioner's new claims are essentially the same as the facts underlying some of the claims asserted in Petitioner's original Petition.

The Court acknowledges that the allegedly improper actor is different in the new and old claims as the new ineffective assistance of counsel claims focus on the lawyers' conduct, whereas the original claims focus on the trial judge's conduct. However, as recently noted by the Ninth Circuit, the "time and type" language in Mayle refers to the *"facts that support* [the] *grounds*" for relief, not to the actual claims or grounds for relief. Ha Van Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013) (emphasis in original); see also Mayle, 545 U.S. at 664 n.7 (relation back appropriate where underlying facts in the new claim are the same as those in the original petition and only legal theory changes); Wright v. LeGrand, 2014 WL 3428487, at *1-2 (D. Nev. July 10, 2014) (stating that "[t]he point that the amended claim is based upon a legal theory of ineffective assistance of counsel and the original claim was based upon a legal theory of prosecutorial misconduct is not determinative").

Petitioner's new ineffective assistance of counsel claims and the original claims in his Petition arise from the same core of operative facts—exclusion of the evidence of sperm from a person other than Petitioner found in the victim's underwear after the incident that led to Petitioner's conviction. Therefore, Petitioner's ineffective assistance of counsel claims share a "common core of operative facts" with the original claims, arise out of the same "conduct, transaction or occurrence" as the original claims, and relate back to the original claims in the Petition. See Fed. R. Civ. P. 15(c)(1)(B); Mayle, 545 U.S. at 664 ("[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."); Ha Van Nguyen, 736 F.3d at 1296-97

(finding relation back where Petitioner's double jeopardy claim and ineffective assistance of appellate counsel claim for failing to raise double jeopardy claim on direct appeal were supported by a common core of "simple, straightforward and uncontroverted" facts as alleged in the cruel and unusual punishment claim in original petition); compare with Schneider v. McDaniel, 674 F.3d 1144, 1151-52 (9th Cir. 2012) (amended petition alleging that petitioner's appellate counsel was ineffective for failing to argue that petitioner's convictions on several counts were mutually exclusive and/or redundant did not arise out of the same core of operative facts as petitioner's original petition that identified several specific issues that appellate counsel did not raise on direct review, and thus amended claims did not relate back to original claims); see also Wright, 2014 WL 3428487, at *2 (interpreting Schneider and stating that Schneider did not hold that "a claim of ineffective assistance of counsel never can relate back to a substantive claim even where the ineffective-assistance claim and the substantive claim arise from the same operative facts").

Accordingly, the Court **RECOMMENDS** that Petitioner be permitted a stay under Kelly pending state court exhaustion of his new ineffective assistance of trial and appellate counsel claims. Petitioner will be responsible for amending his federal habeas petition to reattach the newly-exhausted claims to the original petition.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation; (2) **DENYING** Petitioner's motion for stay and abeyance pursuant to Rhines, but **GRANTING** a stay pursuant to Kelly; and (3) **GRANTING** Petitioner's request to hold his Petition in abeyance pending state court exhaustion of his new ineffective assistance of trial and appellate counsel claims.

**IT IS ORDERED** that no later than **March 20, 2015**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **April 10, 2015**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

DATED: February 27, 2015

BARBARA L. MAJOR
United States Magistrate Judge